448-06/TMR
Freehill Hogan & Mahar LLP
Attorneys for Defendant/Claimant
80 Pine Street
New York, New York 10005
(212) 425-1900
Thomas M. Russo (TR-6029)
Justin T. Nastro (JN-2776)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 28 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          Plaintiff,

    -v-

$421,489.44 IN UNITED STATES CURRENCY
MORE OR LESS,
AND ALL PROCEEDS TRACEABLE THERETO,

          Defendant.
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT**

*Civil Action No.: 06-CV-5185*
(Gershon, J.)
(Reyes, MJ.)

WHEREAS, on or about October 3, 2006, upon the filing of a verified complaint in rem by the United States of America (the "Plaintiff"), the United States District Court for the Eastern District of New York issued a warrant for the arrest of articles in rem, alleging probable cause to believe that the above-referenced Defendant $421,489.44 in United States Currency More Or Less, and All Proceeds Traceable Thereto (the "Defendant Funds") were subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and 21 U.S.C. § 881(a)(6);

WHEREAS, the warrant and Plaintiff's verified complaint in rem were timely served on all potential claimants by duly authorized agents of the United States;

NYDOCS1/320602.1

WHEREAS, no one, other than Junko Utada (the "Claimant") has asserted any claim or has any claim to the Defendant Funds;

WHEREAS, Claimant, on February 23, 2007, has represented that she has the sole ownership interest in the Defendant Funds; and

WHEREAS, on October 2, 2008, Hikaru Utada was appointed by the Court as guardian *ad litem* ("Guardian") to represent the interests of her mother, the Claimant;

WHEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Claimant (by her Guardian) and through their respective undersigned counsel, that the above-captioned action shall be settled on the following terms and conditions:

1. Claimant represents that she is the sole owner of the Defendant Funds.

2. In her capacity as sole owner of the Defendant Funds, Claimant, through her Guardian, is authorized to execute this and all other documents necessary to effectuate the settlement of this action with respect to the Defendant Funds.

3. Plaintiff will:

    a) Pay and release to Claimant 100% of the Defendant Funds;

    b) Release to Claimant two (2) boxes of checks, one (1) metal case, and one (1) bag of miscellaneous papers, said four (4) items representing, together with the seized funds, all physical items seized and received from Claimant.

Said payment and release shall be in full settlement and satisfaction of any and all claims, demands or causes of action on behalf of Claimant, which Claimant now has, or may hereafter have, against the United States on account of Plaintiff's investigation, seizure, maintenance, forfeiture, and

disposition of the Defendant Funds.

4. In consideration of the payment and release to Claimant of the Defendant Funds and the physical items set forth in Paragraphs 3(a) and 3(b) above, Claimant agrees to release, remise and forever discharge Plaintiff and its agencies, agents, officers, and employees, past and present, from all claims or causes of action which Claimant and her heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against Plaintiff and its agencies, agents, officers, and employees, past and present, for or on account of the commencement of this action, the seizure, restraint and forfeiture of the Defendant Funds, and the settlement of this action.

5. The parties agree to execute any and all documents necessary to effectuate the terms of this Stipulation of Settlement.

6. This Stipulation of Settlement shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Claimant, Guardian or of Plaintiff or any of its respective agents, officers, representatives, or employees, past or present. Further, this Stipulation of Settlement shall in no way constitute any reflection upon the merits of the claims and defenses asserted by the Plaintiff and Claimant, respectively.

7. The parties agree that each party shall bear its own costs and attorney fees, and Claimant further agrees to waive any and all rights she has to recover attorney fees under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

8. Counsel for Guardian and Claimant shall send to counsel for Plaintiff this executed Stipulation of Settlement. Upon receipt thereof, counsel for Plaintiff shall submit to the Court an order, in the form annexed hereto as Exhibit "A": (a) vacating the warrant for arrest of articles in rem

NYDOCS1/320602.1                              3

previously served upon Claimant in this action; and (b) returning to counsel for Guardian and Claimant the Defendant Funds and the seized physical items, as described in Paragraphs 3(a) and 3(b) hereof.

9. The District Court shall retain jurisdiction of this action to enforce this settlement.

10. This Stipulation of Settlement may be executed in counterparts, each of which shall be deemed an original and all of which together shall be considered one and the same Agreement.

Dated: Brooklyn, New York
~~December~~ , ~~2008~~
January

FREEHILL HOGAN & MAHAR LLP
Attorneys for Claimant/Defendant

80 Pine Street (24th Floor)
New York, New York 10005-1759
Telephone No: (212) 425-1900

By: _____
THOMAS M. RUSSO, ESQ. (TR-6029)
JUSTIN T. NASTRO, ESQ. (JN-2776)

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
Eastern District of New York
Attorney for Plaintiff

271 Cadman Plaza, East 7th Floor
Brooklyn, New York 11201
Telephone No: (718) 254-6069

By: _____
EDWARD K. NEWMAN
Assistant United States Attorney

Agreed and Consented to:

_____
HIKARU UTADA
Guardian *ad litem* for Claimant Junko Utada

So Ordered:
s/NG
USDJ
1-27-09

NYDOCS1/320602.1

4